IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| LAURA DITCHARO, § | | |
| ADMINISTRATRIX OF THE ESTATE § | | |
| OF MYRA LOIS ENTREKIN § | | PLAINTIFF |
| § | | |
| § | | |
| V. § | CIVIL NO. 1:15-cv-312-HSO-JCG | |
| § | | |
| § | | |
| WAL-MART STORES EAST, LP, and § | | |
| AMY GARDNER, SAFETY MANAGER § | | DEFENDANTS |

**MEMORANDUM OPINION AND ORDER**
**GRANTING [4] MOTION TO REMAND**

BEFORE THE COURT is the Motion to Remand [4] filed by Plaintiff Laura Ditcharo, Administratrix of the Estate of Myra Lois Entrekin. This Motion is now fully briefed. Plaintiff seeks remand of this matter to state court. Having considered Plaintiff's Motion, the related pleadings, and relevant legal authorities, the Court is of the opinion that Defendants have not carried their burden of establishing that subject matter jurisdiction exists. Plaintiff's Motion should be granted, and this matter should be remanded to the Circuit Court of Harrison County, Mississippi, First Judicial District.

I. BACKGROUND

A.  Factual Background

Myra Lois Entrekin entered a Wal-Mart retail store in Gulfport, Mississippi, on June 10, 2013. Am. Compl. [1-2] at 3. According to Plaintiff Laura Ditcharo, Administratrix of the Estate of Myra Lois Entrekin ("Plaintiff"), "Ms. Entrekin was

-1-

attempting to retrieve a shopping cart from inside the store when a Wal-Mart employee pushed a line of carts into the store with a motorized vehicle without ensuring it was safe to do so." *Id.*[1] "The carts struck Ms. Entrekin causing her to fall down injuring her back, leg, hip and ankle." *Id.* Plaintiff alleges that the Wal-Mart "employee again ran into Ms. Entrekin with the carts after she was lying on the ground causing further injury." *Id.*

B.  Procedural History

On April 20, 2015, Plaintiff filed a Complaint [1-5] in the Circuit Court of Harrison County, Mississippi, First Judicial District, naming Wal-Mart Stores, Inc., as Defendant. Plaintiff filed an Amended Complaint [1-4] on April 30, 2015, adding Wal-Mart employee "Amy Gardner, Safety Manager" as a Defendant. The Amended Complaint advances negligence, gross negligence, and premises liability claims against Defendants and cites the doctrine of *res ipsa loquitur*. Am. Compl. [1-4] at 3-8. The Amended Complaint seeks compensatory damages as well as punitive and exemplary damages. *Id.* at 6-7. Neither the original nor Amended Complaint contains an *ad damnum* clause specifying the amount of damages sought by Plaintiff.

On June 25, 2015, the parties filed a Joint and Unopposed Motion to Amend the Pleadings, asking that the state court substitute "Wal-Mart Stores East, LP" for "Wal-Mart Stores, Inc.," as the proper Defendant to the litigation. Joint Mot. [1-5] at

---

[1] Ms. Entrekin is apparently now deceased; however, it does not appear that her death was related to the incident at Wal-Mart.

42-43. The state court entered an Agreed Order to Amend the Pleadings on June 29, 2015, and Wal-Mart Stores East, LP, was substituted as the named Defendant. Agreed Order [1-5] at 45.

On July 17, 2015, Defendant Wal-Mart Stores East, LP, propounded its First Set of Requests for Admissions to Plaintiff. Notice [1-5] at 48. Plaintiff served her Answers to the Requests for Admissions on August 17, 2015. Notice [1-5] at 57. Plaintiff admitted both that she was "seeking more than $75,000.00 in damages exclusive of interest and costs," and that she "will accept any damages awarded in excess of $75,000.00 exclusive of interest and costs." Pl.'s Answers [1-3] at 2.

Defendants removed the case to this Court on September 16, 2015, invoking jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. § 1332. Notice of Removal [1] at 1-3. Even though Defendant Amy Gardner and Plaintiff are both Mississippi citizens for diversity purposes, Defendants maintain that "Amy Gardner is improperly joined [and] should be dismissed" such that "diversity does exist between Wal-Mart and the Plaintiff." *Id.* at 3. According to Defendants, "Wal-Mart is incorporated in the State of Delaware, with a principal place of business in the State of Arkansas." *Id.*

Plaintiff filed a Motion to Remand [4] on October 12, 2015, within 30 days of the removal to federal court. *See* 28 U.S.C. § 1447(c). Plaintiff argues that Gardner is not fraudulently joined as a Defendant such that diversity jurisdiction is lacking. Pl.'s Mot. to Remand [4] at 5-10. Even if diversity jurisdiction exists, Plaintiff asserts that there is a procedural defect in the removal, in that Defendants removed

to the case more than 30 days after receiving a copy of the Complaint.  *Id.* at 4-5 (citing 28 U.S.C. § 1446(b)).

Defendants filed a Response [6] to the Motion to Remand on October 23, 2015, maintaining that Gardner has been improperly joined and should be dismissed. Defendants also take the position that based upon Plaintiff's initial pleading they "could not, in good faith, remove this case to federal court due to Plaintiff's ambiguous prayer . . . ."  Defs.' Resp. [6] at 2.  Instead, Defendants assert that they were not in a position to remove this case until after they received Plaintiff's Answers to their First Set of Requests for Admissions on August 17, 2015, following which they properly removed the case within 30 days of their receipt of this "other paper" pursuant to 28 U.S.C. § 1446(b)(3).  *Id.*

## II.  DISCUSSION

A.  Removal Standard

28 U.S.C. § 1441 provides for the removal of civil actions brought in a state court of which the district courts have original jurisdiction.  28 U.S.C. § 1441(a) (2012).  "A federal district court may exercise original jurisdiction over any civil action that either satisfies diversity requirements or that arises under the federal constitution, statutes, or treaties . . . ."  *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 258-59 (5th Cir. 2014) (citing 28 U.S.C. §§ 1331, 1332, 1369).  "Thus, under § 1441, removal is proper only when the court has original jurisdiction over at least one asserted claim under either federal question or diversity jurisdiction."  *Id.* at 259 (citation omitted).

Removal of cases from state court implicates significant federalism concerns. *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008). "Federalism concerns animate the rule requiring strict construction of removal statutes." *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Property and Cas. Insurance. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citing *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995)).

"For diversity jurisdiction, the party asserting jurisdiction must 'distinctly and affirmatively allege' the citizenship of the parties." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001) (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 804 (5th Cir. 1991)). The removing party therefore "bears the burden of establishing diversity; if it fails to meet that burden, [a court] cannot presume the existence of federal jurisdiction." *Id.*

"Under the improper-joinder doctrine, a court should disregard the citizenship of non-diverse defendants where 'there is no reasonable basis for predicting that the plaintiff might establish liability . . . against the in-state defendants.'" *Flagg v. Stryker Corp.*, 801 F.3d 456, 458 (5th Cir. 2015) (quoting *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 390 (5th Cir. 2000)). "The defendants, as the removing parties, have the burden of proving that [the plaintiff] has not established a state court cause of action against [the non-diverse defendant]." *Int'l Energy Ventures Mgmt., LLC v. United Energy Group, Ltd.*, 800 F.3d 143, 148-49 (5th Cir. 2015) (citation omitted). The improper joinder doctrine constitutes a "narrow exception" to the complete

diversity rule, *Vaillancourt v. PNC Bank, Nat. Ass'n*, 771 F.3d 843, 847 (5th Cir. 2014), and "the burden of demonstrating improper joinder is a heavy one," *African Methodist Episcopal Church v. Lucien*, 756 F.3d 788, 793 (5th Cir. 2014) (quotation omitted).

B.  Whether There Is Complete Diversity of Citizenship

Plaintiff has asserted a procedural defect in the removal and that complete diversity of citizenship is lacking.  In their Response, Defendants maintain that removal was timely and, with respect to the question of diversity, focus on the purported improper joinder of Defendant Amy Gardner.  However, even assuming that Defendants timely removed this case in accordance with 28 U.S.C. § 1446 and that Defendants have met their heavy burden of demonstrating the improper joinder of Gardner, the Court finds that remand is nevertheless required.

The record in this case does not "'distinctly and affirmatively allege' the citizenship of the parties." *Howery*, 243 F.3d at 919 (quoting *Stafford*, 945 F.2d at 804). Defendant Wal-Mart Stores East, LP, is apparently a limited partnership.  Its citizenship for diversity purposes is therefore "based upon the citizenship of each of its partners." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citing *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96 (1990)).  The record before the Court does not disclose the identity or citizenship of any partners of Wal-Mart Stores East, LP, or otherwise elaborate on this question.  The Notice of Removal only purports to disclose Wal-Mart Stores East, LP's state of incorporation and principal place of business.  Notice of Removal [1] at 3.  This is not sufficient to "distinctly and

affirmatively allege" the citizenship of a limited partnership for diversity purposes. *See Harvey*, 542 F.3d at 1080; *Howery*, 243 F.3d at 919.

When a removing party fails to satisfy its initial burden of establishing complete diversity of citizenship, the Court "cannot presume the existence of federal jurisdiction." *Howery*, 243 F.3d at 919. Under such circumstances, remand is required. For this reason, the Court need not resolve whether there was some other procedural defect in removal or whether Defendant Amy Gardner was fraudulently joined.

### III.  CONCLUSION

Because Defendants have not carried their initial burden of demonstrating that complete diversity of citizenship exists, Plaintiff's Motion to Remand must be granted.

**IT IS, THEREFORE, ORDERED AND ADJUDGED**, that Plaintiff's Motion to Remand [4] is **GRANTED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED**, that this civil action is remanded to the Circuit Court of Harrison County, Mississippi, First Judicial District, and that a certified copy of this Order of remand shall be immediately mailed by the Clerk to the clerk of the state court pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED**, this the 13th day of November, 2015.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE